Joseph Arias, SBN 47399
ARIAS & LOCKWOOD, ATTORNEYS AT LAW
1881 S. Business Center Drive, Suite 9A
San Bernardino, California 92408
Joseph.Arias@ariaslockwood.com
(909) 890-0125 - Phone
(909) 890-0185 - Fax

Attorneys for Defendants Mirlan, a California Limited Partnership

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>      Plaintiff,<br><br>vs.<br><br>CHEF'S COUNTRY CAFÉ, a business of unknown form, MIRLAN, a California Limited Partnership; and Does 1-10, Inclusive,<br><br>      Defendants. | CASE NO.: 5:18-cv-02521 ODW (PJWx)<br><br>Hon. Judge Otis D. Wright, II<br><br>**ANSWER TO COMPLAINT;**<br>**DEMAND FOR JURY TRIAL** |

Defendant, Mirlan, a California Limited Partnership (Mirlan), answers the Complaint as follows:

1. Mirlan admits the following allegations: paragraphs 3, 4, 5, 6, 12 and 13.

2. Mirlan denies the following allegations, and the whole thereof: 2, 14, 17, 18, 19, 21, 22, 24, 25, 26, 27, 32, 37 and 38.

3. Mirlan lacks information sufficient to admit or deny the allegations in paragraphs 1, 7, 11, 16, 20, 23, 28 and 34 and on that basis denies them.

4. Mirlan is not required to answer legal conclusions and argument and on that basis denies the following paragraphs: 8, 9, 10, 15, 30, 31, 33, and 36.

///

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

1. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

2. Plaintiff lacks standing to pursue his alleged claims. To show standing, a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). To satisfy the "injury in fact" element of standing in a barrier case, an ADA plaintiff must demonstrate that he is likely to return to patronize the accommodation in question. *Wilson v. Kayo Oil Company,* 535 F.Supp.2d 1063, 1070 (S.D. Cal. 2007) ("[A]n ADA plaintiff cannot manufacture standing to sue in federal court by simply claiming that he intends to return to the facility."). Here, Plaintiff lacks standing to pursue his alleged claims because, among other reasons, he is not a bona fide patron, he alleges barriers not related to his disability, he does not intend to return to the subject property and/or he does not have a concrete and particularized injury.

## THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3. Plaintiff's claims are barred to the extent that they are based on visits to the subject facility more than two years prior to the date the Complaint was filed. Cal. Civ. Proc. § 335.1; see, e.g., *Californians for Disability Rights, Inc. v. California*

*Dept. of Transp.,* 2009 WL 2982840, *1 (N.D. Cal. 2009) (California's two-year limitations period for personal injury actions applies to federal disability discrimination claims brought in California).

## FOURTH AFFIRMATIVE DEFENSE
### (Effective Access)

4. The purported architectural barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless allowed effective access to Plaintiff because any alleged noncompliance was *de minimis*, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to fully use and access the facility in question.

## FIFTH AFFIRMATIVE DEFENSE
### (Removal of Architectural Barriers Was Not Readily Achievable)

5. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged architectural barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

## SIXTH AFFIRMATIVE DEFENSE
### (Full Compliance is Structurally Impracticable)

6. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable.

///

### SEVENTH AFFIRMATIVE DEFENSE
### (Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the Maximum Extent Feasible)

7. Without conceding that Defendant made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because any "alterations" to the subject property, including to the features alleged in the Complaint, were made to ensure that the facility would be readily accessible to the maximum extent feasible. 28 C.F.R. § 36.402.

### EIGHTH AFFIRMATIVE DEFENSE
### (The Cost and Scope of Alterations to Path of Travel to Altered Facility Containing a Primary Function is Disproportionate to the Cost of the Overall Alteration)

8. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

### NINTH AFFIRMATIVE DEFENSE
### (Defendant Provided Services Via Alternative Methods)

9. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of the barriers alleged in the Complaint.

///
///

## TENTH AFFIRMATIVE DEFENSE

(Good Faith Reliance Upon Local Building Authorities)

10. Plaintiff's Complaint and each claim alleged therein is barred by Defendant's good faith reliance upon reasonable interpretations of California law by local building authorities and issuance of appropriate building permits and Certificates of Occupancy for the facility at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

11. Plaintiff's claims are barred under the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

(Technically Infeasible)

12. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged architectural barriers identified in the Complaint would be technically infeasible.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Undue Burden)

13. Insofar as Defendant has not made alterations to the facility at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

///

///

///

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

14. Plaintiff failed to properly mitigate his alleged damages and therefore is precluded from recovering those alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Reasonable Modifications to Policies, Practices and Procedures)

15. Plaintiff's claims is barred because Defendant made and/or was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disabilities.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Indispensable Party)

16. Plaintiff's alleged claims are barred, in whole or in part, because of his failure to name an indispensable party or parties.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Fundamental Alteration)

17. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there was any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Legitimate Business Justifications)

18. The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against Defendant because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons

unrelated to Plaintiff's alleged disability or other asserted protected status.

### NINETEENTH AFFIRMATIVE DEFENSE
(Good Faith)

19. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

### TWENTIETH AFFIRMATIVE DEFENSE
(Mootness)

20. Plaintiff's claims are barred under the doctrine of mootness.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Dimensional Tolerances)

21. Plaintiff's claims are barred because the features identified in the Complaint substantially comply with the applicable law and are within "dimensional tolerances."

### PRAYER

WHEREFORE, Defendant prays that this Court enter a judgment as follows:
1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;
2. That Plaintiff take nothing by way of his Complaint;
3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and
4. For such further and other relief as the Court may deem just and proper.

1 | DATED: December 26, 2018      ARIAS & LOCKWOOD

By    /s/ *Joseph Arias*
     Joseph Arias
     Attorneys for Defendants Mirlan, a California Limited Partnership

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

DATED: December 27, 2018                    ARIAS & LOCKWOOD

                                            By  /s/  *Joseph Arias*
                                                Joseph Arias
                                                Attorneys for Defendants Mirlan, a California Limited Partnership