Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132889)
Osman M. Taher, Esq. (State Bar No. 272441)
MANNING LAW, APC
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff JAMES RUTHERFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHEF'S COUNTRY CAFE, a business of unknown form; MIRLAN, a California limited partnership; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:18-cv-2521- ODW (PJWx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: April 15, 2019<br>Time: 1:30 p.m.<br><br>Hon. Otis D. Wright II |

  Plaintiff JAMES RUTHERFORD ("Plaintiff") and Defendant MIRLAN (together, "the Parties") respectfully submit this Joint Rule 26(f) Scheduling Report ("the Report").

///

///

-1-

**JOINT RULE 26(f) REPORT**

1.  **Factual Summary Of The Case And Of Claims And Defenses**

<u>Plaintiff alleges:</u>

Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, in addition to twisting, turning, and grasping objects. As a result of these disabilities, Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. At the time of Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

Mirlan owns the subject property, located 17039 Valley Blvd , Fontana, CA 92335 (the "Property"), and Chef's Country Café operates and controls the business located on the Property, Chef's Country Cafe (the "Business").  The Business is a place of public accommodation, in that it is a facility open to the public, and a business establishment.

Plaintiff personally visited the Business on two occasions to purchase a meal. During his visit, Plaintiff personally encountered several architectural barriers: there is no ADASAD compliant van accessible parking signage in violation of Section 502.6; the curb ramp providing access to the entrance projects into the traffic lanes in violation of Section 406.5 ( curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles); the slope of the curb ramp flares at the curb ramp connecting the accessible parking spaces to the accessible route exceed 12.9% in violation of Section 406.3 which requires that the slope does not exceed 10%; handrails are required on both sides of the ramp to the entrance, but only one exists (handrails provided along walking surfaces

complying with 403, required at ramps complying with 405, and required at stairs complying with 504 shall comply with 505); the paper seat cover dispenser is blocking access to the rear wall grab bar (the space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum per Section 609.3); the toilet paper dispenser is blocking access to the side wall grab bar (the space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum per Section 609.3); the water supply and drain pipes under the sink are exposed and have no protection against contact as required by Section 606.5; and, the bottom reflecting edge of the sink mirror is about 50 inches in height and as such exceeds 40 inches in height in violation of Section 603.3.

These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods and services of the Business, and caused him difficulty, humiliation and frustration because they create a tip-over hazard and/or a crash and fall hazard.  The removal of these barriers is readily achievable and can be achieved without much difficulty or expense.  Plaintiff did and continues to desire to patronize the Business in the future, but the numerous architectural barriers deter him from doing so.

<u>Defendant</u>:

**2.    Principal Issues In The Case**

<u>Plaintiff</u>:

The principal legal issues are: (1) whether the Defendants are responsible under the law to remove/ remediate barriers; (2) whether the Plaintiff has standing to seek either damages or injunctive relief; (3) whether Plaintiff was denied equal access to the facility and; (4) the nature and extent of Plaintiff's damages.

<u>Defendant</u>:

Whether Plaintiff's damages, if any, may be reduced pursuant to CC §55.55 – 55.57 and specifically 55.56(e), (f), (g), and (i).

**3.     Additional Parties and Amended Pleadings**

<u>Plaintiff</u>:

Plaintiff does not believe he is likely to seek to add other parties. Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then if applicable, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barriers removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

<u>Defendant</u>:

Defendant does not anticipate a third party complaint.

**4.     Contemplated Law And Motion Matters**

<u>Plaintiff</u>:

Plaintiff anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions and inspection are taken in this case.

<u>Defendant</u>:

Defendant does not anticipate any law and motion matters.

**5.     Settlement and Settlement Procedure**

Plaintiff has made a demand and is ready and willing to engage in informal settlement discussions.

<u>Plaintiff</u>:

In the event that this matter is not expeditiously resolved, Plaintiff selects ADR Procedure No. 2 as the settlement mechanism under Local Rule 16-15.4.

<u>Defendant</u>:

Defendant does not believe it can participate in any settlement procedure until Co-Defendant, Chef's Country Café appears.

## 6. Discovery Plan

Plaintiff proposes that discovery shall commence immediately upon the parties' meet and confer efforts in accordance with FRCP 26(d). The parties assert that phasing of discovery is not necessary in this instance.

<u>Plaintiff:</u>

Plaintiff intends on propounding written discovery. Following written discovery, Plaintiff plans on deposing Defendants' employees and "person(s) most knowledgeable" under Rule 30(b)(6), and Defendants' expert(s).

Plaintiff proposes the following schedule for discovery:

- Fact Discovery Cut-Off:  December 6, 2019
- Last Day to Serve Initial Expert Reports:  December 13, 2019
- Last Day to Serve Rebuttal Expert Reports:  December 27, 2019
- Expert Discovery Cut-Off:  January 10, 2020

<u>Defendant:</u>

Defendant is contemplating written discovery and taking Plaintiff's deposition and agrees with Plaintiff's proposed discovery schedule.

## 7. Trial Estimate

Plaintiff requests a court trial. Plaintiff currently estimates that a trial of this action will require 4 days.

Defendant requests a court trial and estimates it will take 1.5 days.

## 8. Other Issues and Schedule

None at this time. Plaintiff reserves his right to raise and address any additional issues as they may arise.

Plaintiff proposes the following pre-trial and trial schedule:

- Fact Discovery Cut-Off:  December 6, 2019

- Final Motion Cut-Off:  January 10, 2020
- Final Pretrial Conference Date:  April 3, 2020
- Trial Date:  April 21, 2020

Defendant agrees with Plaintiff's proposed pre-trial and trial schedule.

Respectfully submitted,

Dated:  April 8, 2019          MANNING LAW, APC


                               By:/s/ Joseph R. Manning, Jr.
                                   JOSEPH R. MANNING, JR.
                                   MICHAEL J. MANNING
                                   OSMAN M. TAHER
                                   CRAIG G. CÔTÉ
                                   Attorneys for Plaintiff

Dated:  April 8, 2019          ARIAS & LOCKWOOD


                               By:/s/  *Joseph Arias*
                                   JOSEPH ARIAS
                                   Attorneys for Defendant MIRLAN

**Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), signatories hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 8, 2019         **MANNING LAW, APC**

By: /s/ *Joseph R. Manning Jr., Esq.*
Joseph R. Manning Jr., Esq.
Michael J. Manning, Esq.
Attorneys for Plaintiff